UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TEMPUR WORLD, INC.;
TEMPUR-PEDIC, INC.; DAN FOAM A/S,

                Plaintiffs,

   -against-                                 1:03-CV-1248
                                         1:02-CV-0905
                                         (LEK/RFT)

FRANK GRILLO d/b/a AFFORDABLE
MATTRESS DIRECT, d/b/a QUALITY
SLEEP
                    Defendant.

## MEMORANDUM-DECISION AND ORDER

### I. Discussion

Plaintiffs moved this Court, pursuant to Federal Rule of Civil Procedure 70, for an Order of

Contempt Sanctions against Defendant (Case No. 1:03-CV-1248, Motion (Dkt. No. 12)), citing

Defendant's numerous and repeated failures to abide by two Consent Judgments entered by this

Court (Case No. 1:03-CV-1248, June 2004 Consent Jgmt. (Dkt. No. 11); Case No. 1:02-CV-0905,

January 2003 Consent Jgmt. (Dkt. No. 8)).

Upon review of the submissions of the parties, and the relevant law, the Court finds that

Defendant, Frank Grillo, d/b/a Quality Sleep, d/b/a Affordable Mattress Direct, d/b/a Supreme

Sleep, with websites www.supremecomfort.com, www.affordablemattress.com, and

www.supremesleep.com, and his agents, employees, successors, assigns, and all persons acting in

concert with Defendant, are in contempt of the Consent Judgments entered by this Court.  The Court

1

also finds that Defendant has committed forty-two (42) violations of the Consent Judgments, as alleged by Plaintiffs.  Defendant has infringed and used Tempur-Pedic's trademarks in the metatags of his websites, copied Tempur-Pedic's advertising on his websites, used Tempur-Pedic's trademarks in the content of his websites in connection with products not originating entirely with Tempur-Pedic, and committed acts of false advertising involving Tempur-Pedic by making false and/or unsubstantiated claims[1].

## II.  Conclusion

Therefore, it is hereby

**ORDERED**, that Defendant is **PERMANENTLY ENJOINED** from committing, and he must immediately cease and desist from engaging in, any infringement of Tempur-Pedic's trademarks or conduct proscribed by the Consent Judgments; and it is further

**ORDERED**, that Defendant is **SANCTIONED** for his contempt of the Consent Judgments in the amount of five thousand dollars ($5,000.00) per violation, for forty-two (42) violations, for a total sanction of **TWO HUNDRED AND TEN THOUSAND DOLLARS ($210,000.00)**.  This

---

[1] It is noted that Defendant argues that expert testimony is required in the form of consumer surveys or market research to determine whether advertising is misleading or false.  See Case No. 1:03-CV-1248, Deft's Mem. of Law in Opp. (Dkt. No. 18) at 4 (citing, *inter alia*, SmithKline Beecham Consumer Healthcare, LP v. Johnson & Johnson-Merck Consumer Pharm. Co., Inc., 906 F. Supp. 178, 181 (S.D.N.Y. 1995)).  However, this Court understands Plaintiffs' arguments, and the parties' submissions, to address explicit and literal falseness of statements in Defendant's advertising - including, but not limited to, the statements concerning NASA.  See, e.g., Case No. 1:03-CV-1248, Affid. of Turke (Dkt. No. 12, Attach. 2) at ¶ 13(i)-(j); Case No. 1:03-CV-1248, Plntfs' Exhibits (Dkt. No. 12, Attachs. 9, 10, 11 & 12).  Therefore, "[the] [C]ourt may enjoin an ad which is explicitly or literally false '"without reference to the advertisement's impact on the buying public."'"  SmithKline, 906 F. Supp. at 181 (citing McNeil-P.C.C., Inc. v. Bristol-Myers Squibb Co., 938 F.2d 1544, 1549 (2d Cir. 1991)).

2

sanction shall be in the form of liquidated damages, assessable under the Consent Judgments (Case No. 1:03-CV-1248, June 2004 Consent Jgmt. (Dkt. No. 11) at ¶ 8; Case No. 1:02-CV-0905, January 2003 Consent Jgmt. (Dkt. No. 8) at ¶ 9); and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:      March 29, 2006
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge